UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHN EDD BROWN,

                              Plaintiff,

   -against-                                 REPORT AND
                                             RECOMMENDATION
                                             03 CV 6166 (DGT) (RML)

ASTRAZENECA PHARMACEUTICALS, L.P.
and DEIDRE GRAYSON,

                              Defendants.
----------------------------------------------------------------X

LEVY, United States Magistrate Judge:

        On August 18, 2004, defendants AstraZeneca Pharmaceuticals, LP ("AstraZeneca") and Deidre Grayson (collectively, "defendants") moved to compel discovery as well as for dismissal, or in the alternative, monetary sanctions against plaintiff, pursuant to Fed. R. Civ. P. 37. On November 30, 2004, I recommended monetary sanctions in the amount of $250 as a result of plaintiff's failure to respond to discovery requests. (See Order and Report and Recommendation, dated Nov. 30, 2004, at 5-6.) I warned plaintiff that failure to turn over all relevant documents within twenty (20) days of the date of the Order and Report and Recommendation would result in either further sanctions or a recommendation of dismissal. (Id.) On December 30, 2004, defendants moved to dismiss for failure to comply with the Order and Report and Recommendation. By Orders dated January 4, 2005, the Honorable David G. Trager, United States District Judge, adopted the Report and Recommendation and referred defendants' motion to dismiss to me for Report and Recommendation. Oral argument was held on March 21, 2005. For the following reasons, I respectfully recommend that defendants' motion to dismiss be denied.

**DISCUSSION**

Defendants allege that, twenty days from the date of the Order and Report and Recommendation, plaintiff had still not produced: (1) bank statements showing his banking records from the autumn of 2002 through the present; (2) the 2004 W-2 form from Bay Ridge Nissan; (3) documents showing the amount of unemployment benefits he received from the State of New York while allegedly unemployed; (4) plaintiff's 2003 income tax returns; (5) 2004 W-2 statements from UPS; (6) a list of all job interviews, and all job applications since plaintiff left Astrazeneca in 2003; and (7) the remaining medical authorizations. (See Motion to Dismiss for Failure to Comply with Court's Final Order, dated Dec. 30, 2004.) The court will address each issue in turn.

1. Bank Statements

As an initial matter, this court's November 30, 2004 Order and Report and Recommendation did not specifically direct plaintiff to produce his bank statements, as defendants apparently did not request this relief in their original Rule 37 motion. Indeed, when asked at oral argument to identify where defendants made such a request, defendants' counsel was unable to do so. Defendants' counsel has yet to provide the court with a document showing that the bank statements were requested. (See Transcript of Civil Cause for Conference, dated Mar. 21, 2005 ("Tr."), at 3-5.)

Nonetheless, plaintiff's counsel did subpoena certain records from PNC Bank, and on February 1, 2005, provided defendant with copies of the records he received. (See Letter from James S. Dobis, Esq. to Kristan Peters, Esq., dated Feb. 1, 2005.) At the March hearing, the court subsequently granted defendants' counsel permission to subpoena plaintiff's "business records from PNC Bank and [plaintiff's] personal bank records to the extent that [there] were previous requests."

(Tr. at 69.)

## 2. Bay Ridge W-2 Forms

Plaintiff maintains that he personally did not have any W-2 statements from his former employer, Bay Ridge Nissan, and that he had requested copies of those statements from Bay Ridge Nissan on numerous occasions with no response. (See Minute Entry for proceedings held Jan. 20, 2005.) At the March hearing, the court directed plaintiff's counsel to subpoena his W-2 statements from Bay Ridge Nissan by April 15, 2005. (Tr. at 72.) On March 30, 2005, plaintiff's counsel provided defendants with the 2003 Bay Ridge W-2 statement, which he had obtained pursuant to a subpoena served on Bay Ridge Nissan on March 24, 2005. (See Letter from James S. Dobis, Esq. to Kristan Peters, Esq., dated March 30, 2005.) It does not appear that plaintiff worked at Bay Ridge Nissan in 2004. (See Letter from James Dobis, Esq., to Kristan Peters, Esq., dated April 22, 2005.)

## 3. Unemployment Records

With respect to plaintiff's unemployment records, plaintiff's counsel indicated in January 2005 that he "contacted the Unemployment Office and obtained information on the proper procedure to obtain copies and records, and [has] been advised that the records will be available within a week, and they will be immediately faxed to Ms. Peters upon receipt." (See Letter Response to Defendants Motion to Dismiss, dated Jan. 21, 2005 ("Letter Response"), at 2; id., Ex. F.) Plaintiff's counsel also indicated that he "provided a Social Security Authorization Form, executed by Mr. Brown to [defendants' counsel] Ms. Peters which will enable her to obtain 'detailed earnings information.'" (Letter Response at 3.) Further, plaintiff provided copies of unemployment earning records for 2003 on January 26, 2005. (See Letter from James S. Dobis, Esq. to Kristan Peters, Esq., dated Jan. 26,

2005.)

Plaintiff's counsel also agreed to "submit the [S]ocial [S]ecurity [A]uthorization for the detailed earning information [for 2004]" by April 1, 2005. (Tr. at 22-23, 69.) On April 22, 2005, plaintiff's counsel provided defendants' counsel with detailed earnings information from the Social Security Administration for the years 2002, 2003 and 2004. (See Letter from James Dobis, Esq., to Kristan Peters, Esq., dated April 22, 2005.)

4. Plaintiff's 2003 Income Tax Returns

Plaintiff advised the court that he has not yet filed income tax returns for 2003. (Letter Response at 4.)

5. UPS W-2 Forms

Plaintiff's counsel provided the 2004 W-2 statement from UPS to Ms. Peters on January 24, 2005. (See Letter from James S. Dobis, Esq. to Kristan Peters, Esq., dated Jan. 24, 2005.) At the March hearing, the court further ordered that all "2004 W-2's . . . be produced by April 15th and that includes at a minimum the car dealer in Chicago and . . . Chart [sic] One." (Tr. at 69.) Plaintiff's counsel did submit additional information on March 30, 2005, including a 2004 W-2 statement from Charter One Bank and a 2004 W-2 statement from New Rogers Pontiac, Inc. (See Letter from James S. Dobis, Esq. to Kristan Peters, Esq., dated March 30, 2005.)

6. Job Applications

After leaving AstraZeneca, plaintiff originally applied online for over 100 jobs using the internet sites monster.com and career.com. Actual interviews took place at five companies. Plaintiff's counsel had previously given defendants' counsel the names of the five companies. At the March

4

hearing, the court ordered that plaintiff submit, by April 1, 2005, the addresses and telephone numbers of the five companies that interviewed him. (Tr. at 69.) Plaintiff's counsel has subsequently provided defendants with the five telephone numbers and addresses. (See Letter from James S. Dobis, Esq. to Kristan Peters, Esq., dated March 30, 2005.) At oral argument, the court emphasized that plaintiff is bound by his responses to defendants' discovery requests and will not be permitted to supplement those responses to bolster a claim of mitigation. (See Tr. at 70.)

### 7. Medical Authorizations

With respect to the remaining medical authorizations, the court has found that "[n]either side will use Doctors Lee, Tavoulares or La[gmay] and therefore, there will be no depositions or subpoenaing of their records." (Tr. at 70.)

## CONCLUSION

Dismissal of a case is a drastic remedy that should be imposed only as a last-resort. See National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976) (finding dismissal severe and the most extreme remedy for a discovery violation). See also Bambu Sales Inc. v. Ozak Trading Inc., 58 F.3d 849, 853 (2d Cir. 1995) (finding entry of a default judgment on a discovery matter an extreme measure); Altschuler v. Samsonite Corp., 109 F.R.D. 353, 356 (E.D.N.Y. 1986) (finding that dismissal is a harsh remedy that is limited to cases involving willfulness, bad faith, or fault on the part of the disobedient party) (internal quotation omitted).

As outlined above, plaintiff has now substantially complied with defendants' discovery

requests.[1] To the extent plaintiff has yet to comply fully with specific requests, those disputes were addressed at the March hearing, and the court remains available to assist the parties in resolving discovery disputes. I find that dismissal is not warranted in this case, and I therefore respectfully recommend that defendants' motion to dismiss be denied.[2]

Objections to this Report and Recommendation must be filed with the Clerk of Court, with courtesy copies to Judge Trager and to my chambers, within ten (10) business days. Failure to file objections within the specified time period waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
       May 13, 2005

---

[1] In addition, a number of the documents defendants sought were not in plaintiff's possession, custody or control. See Fed. R. Civ. P. 34(a).

[2] Since defendants' motion only requested dismissal, and not monetary sanctions, such sanctions will not be considered at this time. (See Tr. at 73) (where the court stated, "I'm not recommending that the case be dismissed or that additional sanctions be imposed . . . .")